UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE HAY<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NEW YORK MEDIA LLC, and<br>KERA BOLONIK,<br><br>　　　　　　Defendants. | Civil Action No. 1:20-cv-06135<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff Bruce Hay, by his attorney of record, Jillian T. Weiss, moves this Honorable Court for leave to amend the First Amended Complaint ("FAC") to 1) remove David Korzenik as defendant; 2) remove Count 2, Defamation, as to all Defendants; and 3) add and clarify certain details to explain the factual basis for liability in the remaining counts.

**LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. Rule 15(a)(2) "a party may amend its pleading … with … the Court's leave" and "[t]he court should freely give leave when justice so requires." The Court "should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York,* 210 F.3d 79, 87 (2d. Cir. 2000). The Supreme Court has made clear that "[i]n the absence of any apparent or declared reason

1

- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given'." *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

## ARGUMENT

Plaintiff seeks to amend the First Amended Complaint ("FAC") to 1) remove David Korzenik as defendant; 2) remove Count 2, Defamation, as to all defendants; and 3) add and clarify certain details to explain the factual basis for liability. The SAC further clarifies details and facts of the case to explain the factual basis more clearly for Defendants' liability. There is no undue prejudice to Defendants because this action is in its early stages, no scheduling order has been entered, and no motion practice or discovery has occurred.

The amendment is not futile because the allegations of the Proposed Second Amended Complaint support liability for breach of contract and violation of the New York City Human Rights Law. As set forth in Count 1 of the Proposed Second Amended Complaint, the Defendants promised, in exchange for Plaintiff's promise to work exclusively with them, SAC ¶ 76, that the investigation and reporting of the story would meet professional standards of the journalistic profession. SAC ¶ 75. She made specific promises that track the standards of professional journalism, that

> the investigation and the reporting of the story by her and the Magazine would be professional, in that she would bring to bear her experience and the long experience of her editors and colleagues at New York Magazine in investigative reporting to ensure that the story was up to the customary ethical standards of long-form investigative journalism; (2) that her investigation and reporting of the story would be thorough, in that she and the Magazine would diligently investigate and review the evidence carefully to ensure that the story was accurate and presented in a fair and impartial light, (3) that the investigation and reporting of the story by her and

2

> the Magazine would be sensitive to the delicate gender issues raised by the story that Plaintiff and Bolonik had discussed at length, given the negative social and political climate towards transgender people, because —though Plaintiff was very upset and angry with the Shumans — he wanted Bolonik to avoid misogynist and transphobic tropes harming women and transgender people generally, and (4) that as a source who was opening up about a painful episode in his private life, Plaintiff would be treated with the utmost professionalism and respect by Bolonik and New York Magazine.

Id. at ¶ 75. In the context of a contract for services with one who holds themselves out to be a professional, such as in the present case, the standard is "reasonable care and competence owed generally by practitioners in the particular trade or profession." *Milau Assocs. v. N. Ave. Dev. Corp.*, 42 N.Y.2d 482, 486 (1977). There are professional standards of journalism as set forth in detail in the proposed Second Amended Complaint. SAC ¶¶ 184-196. The article written and published by Defendants, however, did not show the reasonable care and competence owed generally by investigative journalists. SAC ¶¶ 197-201. These allegations are supported by many factual details, *see, e.g.,* SAC ¶¶ 84-91 (alleging details regarding Defendants' failure to meet the professional standards of journalism during the investigative phase), and SAC ¶¶131-138 (alleging details regarding the failure of Defendants' final product to meet the professional standards of journalism), which support the legal conclusion that Defendants breached their contract with the Plaintiff.

Under the NYCHRL, a plaintiff claiming a hostile work environment need only demonstrate that the conduct alleged exceeds "what a reasonable victim of discrimination would consider petty slights and trivial inconveniences" and "mere personality conflicts" will not suffice. *Reichman v. City of New York*, 179 A.D.3d 1115, 1118 (N.Y. App. Div. 2020), *leave to appeal denied sub nom. James Reichman, Appellant, v. City of New York, et al., Respondents, et al., Defendants.*, No. 2020-764, 2021 WL 56556 (N.Y. Jan. 7, 2021) (citations omitted). Whether an environment is hostile or abusive can be determined by looking at all the circumstances, including

3

"the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance " (*Forrest*, 3 NY3d at 310-311, quoting *Harris*, 510 US at 23). *Siena v. Primo Pizza 84 LLC*, 69 Misc. 3d 1215(A) (N.Y. Sup. Ct. 2020). Sexual solicitation is reasonably interpreted as being more than "petty slights or trivial inconveniences." *Bray v. New York City Dep't of Educ.*, 59 Misc. 3d 1222(A) (N.Y. Sup. Ct. 2018). In the present case, Defendant Bolonik subjected Mr. Hay to sexual conduct, sexual words, and sexual solicitations. SAC ¶¶ 92-153. These include unwelcome kisses on the lips, *id.* at 153, touching Plaintiff's thighs, ¶ 152, calling Plaintiff a "pervert," ¶ 150, telling Plaintiff she was "aroused" and asking if he were aroused ¶ 148, telling Plaintiff that he must not put roadblocks in their relationship or else she could not write the story, ¶ 147, accusing Plaintiff of not having sufficient affection for her, ¶ 145, expressing jealousy of Plaintiff, ¶ 126, discussing his "sex appeal," ¶ 110, suggesting a sexual encounter, ¶ 109, asking whether Plaintiff was attracted to her, ¶¶ 100, 108, sharing details of her sexual relationships, ¶¶ 103, 107, suggesting a massage "down there," ¶ 106, expressing that she had a "crush" on Plaintiff, ¶ 105, holding Plaintiff's hand and touching his arms, ¶¶ 101, 98, discussing "sleeping together, ¶ 99, inviting him to her hotel room, ¶ 98, and expressing interest in a romantic relationship with Plaintiff.

Plaintiff expressed that these activities were unwelcome, explicitly and implicitly, on many occasions. SAC ¶¶ 97, 98, 100, 101, 103, 107, 108, 109, 152. Defendant Magazine was on notice that Ms. Bolonik was subjecting Plaintiff to romantic and sexual overtures. SAC ¶¶ 111 (they knew she was forcing herself on him in a romantic manner), 112 (numerous conversations with editors and supervisors about romantic and sexual conduct), 115 (ignoring signs of sexual harassment).

The New York City Human Rights Law, § 8-107(23) covers non-employees and people

not paid money, including interns, freelancers and independent contractors. Ms. Bolonik and the Magazine used Mr. Hay's services as a researcher, factchecker, and legal consultant in investigating and writing the story. ¶¶ 6, 116, 142. During the course of this, he was subjected to unwelcome romantic and sexual overtures and touchings rising well above the level of petty slights. The Magazine was on notice of these occurrences, and knew or should have known that this problematic behavior was ongoing, creating a viable cause of action under the New York Human Rights Law.

      For these reasons, Plaintiff respectfully requests that the Court grant his motion for leave to file a Second Amended Complaint.

DATED: January 8, 2021                              Respectfully submitted,

                                                  /s/ Jillian T. Weiss, Esq.
                                                  Jillian T. Weiss, Esq.
                                                  Law Office of Jillian T. Weiss, P.C.
                                                  442 15th Street
                                                  Brooklyn, New York 11215
                                                  Tel: 845.709.3237
                                                  jweiss@jtweisslaw.com

                                                  *Attorney for the Plaintiff Bruce Hay*