# **EXHIBIT 1**



21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Katherine Bolger**
(212) 402-4068 tel
(212) 379-5244 fax

KateBolger@dwt.com

November 20, 2020

**VIA E-MAIL**

Jillian T. Weiss
Law Office of Jillian T. Weiss, P.C.
442 15th Street No. 1R
Brooklyn, NY 11215
Tel: (845) 709-3237
Fax: (845) 584-0160
jweiss@jtweisslaw.com

      Re:    *Hay v. New York Media LLC, et al.*, 1:20-cv-6135 (JPO)

Dear Ms. Weiss,

      We represent defendants New York Media LLC,[1] Kera Bolonik and David Korzenik (the "Defendants") in the above-referenced action.  We write, pursuant to Fed. R. Civ. P. 11, to inform you that Defendants intend to file a motion for sanctions unless you withdraw the First Amended Complaint ("FAC") in this action within 21 days of this letter.  A copy of the Notice of Motion is annexed hereto. In addition, we write to put you on notice that if you do not withdraw the FAC, Defendants will assert a counterclaim against plaintiff Bruce Hay ("Hay" or "Plaintiff") consistent with the newly amended New York anti-SLAPP statute.  N.Y. Civil Rights Law § 70-a.

      "Under Rule 11, an attorney has an obligation to file only papers that have a basis in fact. . . .  As such, every attorney owes a duty to conduct a pre-litigation inquiry into the viability of a pleading that is objectively reasonable under the circumstances." *Goldman v. Barrett*, 825 Fed. App'x 35, 37 (2d Cir. 2020) (citations omitted).  Rule 11 states that by filing a pleading, written motion, or other paper to the court, an attorney certifies that 1) it is not being presented for any improper purpose; 2) the claims and legal contentions "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; 3) the factual contentions have evidentiary support, or will likely have evidentiary support after discovery; and 4) denials of factual contentions are warranted on the evidence, or are reasonably based on belief or a lack of information.  Fed. R. Civ. P. 11(b).  "[I]f it is clear that the action was destined to fail based on the facts and existing precedent, and where no reasonable argument could be advanced to change or extend the present law, [R]ule 11 requires a sanction." *O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990).

---

[1] We note that New York Media LLC is not a proper party to this lawsuit, as *New York* Magazine is owned and published by Vox Media LLC.

Here, Plaintiff's FAC is patently frivolous and each of its claims is without basis in law or in fact. As one commentator put it, Plaintiff's lawsuit is in danger of "collaps[ing] under the weight of its own absurdity."[2] For the reasons set forth below, we demand that you dismiss this action with prejudice, or face sanctions.

*Breach of Contract*

*First*, Plaintiff has not and cannot plausibly allege a claim for breach of contract. To state such a claim under New York law, Plaintiff must sufficiently allege: 1) the existence of a contract; 2) Plaintiff's performance under the contract; and 3) Defendant's breach of the contract. *Dee v. Rakower*, 112 A.D.3d 204, 208-209 (2d Dep't 2013). Plaintiff's breach of contract claim in this action is deficient in numerous respects.

To begin with, the contract alleged in the FAC clearly violates the statute of frauds. Under New York law, any oral contract is void if it is not capable of complete performance within one year. *Almeciga v. Center for Investigative Reporting, Inc.*, 185 F. Supp. 3d 401, 409 (S.D.N.Y. 2016) (finding purported oral contract between publisher and source unenforceable where plaintiff did not plead that promise by defendants to conceal plaintiff's identity was limited in duration). Here, the alleged oral contract between Plaintiff and "Bolonik and/or New York Media" contains at least two terms of indefinite duration: 1) that Plaintiff would "work[] exclusively" with Bolonik and/or New York Media in producing the story (FAC ¶ 163); and 2) that "Plaintiff would be treated with the utmost professionalism and respect by Bolonik and *New York* Magazine" (*id.*). Indeed, the FAC makes clear that Plaintiff considered the terms of the alleged agreement to have remained in effect beyond the publication of the articles in question. *See* FAC ¶ 82 (describing how Plaintiff continued to act in reliance on Bolonik's alleged promises "[f]ollowing the publication of the resulting article in the summer of 2019"). An oral contract containing such terms of indefinite duration is void. Not surprisingly, then, courts regularly refuse to find contracts based on alleged oral promises provided by publishers to sources, even when the promises are far more concrete than the ones alleged here. *See*, *e.g.*, *Aretakis v. Hearst Publc'ns*, 24 Misc.3d 1233(A), at *3 (Sup. Ct. N.Y. Cty. 2009) (court was "reluctant to enforce vague, oral contracts where defendant's First Amendment rights might be affected." (internal quotes omitted)); *Steele v. Isikoff*, 130 F. Supp. 2d 23, 31 (D.D.C. 2000) ("[J]ournalistic ethics effectively bar reporters and sources from entering into traditional contracts relating to the provision of information or the publication of stories," and therefore "ordinary contractual considerations are inapplicable in this context"); *Sellers v. Am. Broad. Co.*, 668 F.2d 1207, 1209-10 (11th Cir. 1982) (source's agreement to provide an "exclusive story" in exchange for copyright privileges and public credit was unenforceable due to the vagueness as to what constituted the "exclusive story"); *see also Veilleux v. Nat'l Broad. Co.*, 206 F.3d 92, 123 (1st Cir. 2000) (noting that restricting speech on matters of public concern on the basis of vague oral promises raises serious constitutional questions under the First Amendment). The contract claim is, therefore, destined to fail.

And, even if the contract alleged in the FAC did not violate the statute of frauds, it would nevertheless be void on its face as a result of the fatal vagueness of the alleged contractual terms outlined in the FAC. For a contract to be valid under New York law, the agreement between the

---

[2] Daniel Novack and Dakshïna Chetti, "Professor's 'Self-Defamation' Suit Unlikely to Succeed," Law360 (Nov. 6, 2020), https://www.law360.com/legalethics/articles/1326453/professor-s-self-defamation-suit-unlikely-to-succeed.

parties must be "definite and explicit so their intention may be ascertained to a reasonable degree of certainty." *Candid Prods., Inc. v. Int'l Skating Union*, 530 F. Supp. 1330, 1333 (S.D.N.Y. 1982). Thus, there can be no enforceable contract where "the terms of the agreement are so vague and indefinite that there is no basis or standard for deciding whether the agreement has been kept or broken, or to fashion a remedy, and no means by which such terms may be made certain." *Id.* at 1333-34. Here, Bolonik's and/or New York Media's alleged contractual obligations – that their investigation and reporting be "thorough," "professional," and "sensitive to . . . gender issues," and that they act "with the utmost professionalism and respect" – are hopelessly nebulous and provide no standard for judging whether their conduct breached the agreement. Plaintiff's breach of contract claim, therefore, cannot be maintained consistent with Fed. R. Civ. P. 11(b).

### *Defamation*

i. *Kera Bolonik and New York Media*

*Second*, Plaintiff's defamation claim against Bolonik and New York Media is similarly frivolous. Initially, the claim is doomed from the get-go by the fact that Plaintiff not only consented to the alleged defamation, he, in fact, enthusiastically participated in it, and continued to actively promote and defend it after the article's publication. FAC ¶¶ 70, 72, 74, 82, 103, 105, 128. This fact alone means the defamation claim is barred in its entirety. *See Sleepy's LLC v. Select Comfort Wholesale Corp.*, 779 F.3d 191, 199 (2d Cir. 2015) ("Consent of the person defamed to the making of a defamatory statement bars that person from suing for the defamation."); *Schoepflin v. Coffey*, 162 N.Y. 12, 20 (1900) ("Proof was given upon the trial which tended to show that the articles printed and published in the several newspapers were sent out by the manager of the Associated Press with the consent and by the authority of the plaintiff. . . . If the plaintiff consented to or authorized the publication complained of, he cannot recover for any injury sustained by reason of the publication he authorized.").

Even if Plaintiff had not consented to the article's publication, the defamation claim would fail. To begin with, the bulk of the alleged false and defamatory statements identified in the FAC are not about Hay at all, but about Maria-Pia and Mischa Shuman (the "Shumans"). It goes without saying that Plaintiff cannot recover for statements that are not "of and concerning" him. *Church of Scientology Int'l v. Behar*, 238 F.3d 168, 173 (2d Cir. 2001). In fact, the only alleged defamatory meanings Plaintiff alleges about himself is that the articles "falsely portray[] Plaintiff as . . . foolish and gullible." FAC ¶ 172. But "gullible" is how Hay described himself. And more than that, Plaintiff has stated repeatedly and consistently – in the FAC itself and in his letters to Defendants – that the Shumans *did* cause him to believe that he was the father of Maria-Pia's child, and that he *did* believe he was the victim of a paternity scheme perpetrated by the Shumans. *See, e.g.*, FAC Ex. A at 20 n. 46; FAC ¶¶ 43, 58, 62, 69, 72, 87. In short, the alleged defamatory meaning is admitted *by Plaintiff* to be true.

ii. *David Korzenik*

*Next*, the defamation claim as alleged against Mr. Korzenik is similarly frivolous. Initially, it is based on alleged oral communications made to Doug Brooks, Howard Cooper, and "other third parties." FAC ¶ 141-43. It is therefore a claim for slander. Under New York law, a slander claim requires the plaintiff to either show that the allegedly defamatory statements constitute

slander per se, or plead special damages. *Liberman v. Gelstein*, 80 N.Y.2d 429, 434-35 (1992). In order to constitute slander per se, the allegedly defamatory statements must fall into one of four categories: "1) accusations of a serious crime; 2) statements tending to injure another in his or her trade or profession; 3) accusations of having a loathsome disease; or 4) imputing unchastity to a woman." *Kerik v. Tacopina*, 64 F. Supp. 3d 542, 569 (S.D.N.Y. 2014) (internal quotes omitted).

The allegedly defamatory statements at issue here do not fall into any of these four categories, notwithstanding the entirely conclusory assertion that they "impugn Plaintiff's honesty, trustworthiness and professional fitness, damaging his reputation and relationships with professional colleagues and associates, personal friends, academic institutions and others." FAC ¶ 180. Nor has Plaintiff pled special damages arising from Mr. Korzenik's alleged slander and indeed does not even distinguish these damages from those caused by Kera Bolonik and New York Media's alleged libel. *See* FAC ¶ 182. This failure to plead special damages is fatal to Plaintiff's defamation claim against David Korzenik. *See Kerik*, 64 F. Supp. 3d at 570. The slander claim against David Korzenik, therefore, must similarly be withdrawn.

### *Gender-Based Discrimination*

*Finally*, Plaintiff's claims of gender-based discrimination asserted against Bolonik and New York Media are frivolous. The New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") extend protections to individuals acting in an array of capacities, including, for example, employees, interns and freelancers (see NYSHRL §§ 296(1)(a), 296-c, 296-d; see also NYCHRL § 8-107(23)), but nothing in the text of either statute suggests that those protections extend to the subject of a magazine article. What's more, the allegations in the FAC make clear that, even if the relationship between Plaintiff and Defendants were contractual in nature (which it was not), Plaintiff nonetheless remains outside the scope of the State and City Human Rights Laws. To the extent that Plaintiff attempts to interpret reference in the NYSHRL to "non-employees in [the] workplace" to include everyone with any sort of relationship to either Bolonik or New York Media, not only does the FAC fail to allege that Plaintiff ever visited their workplaces in New York, but such an expansive reading cannot be reconciled with the other provisions of the NYSHRL. *See*, *e.g.*, *Scott v. Mass. Mut. Life Ins.*, 86 N.Y.2d 429, 435 (1995) (declining to adopt an interpretation of the NYSHRL that would render its remaining provisions "mere surplusage").

In addition, the conduct alleged in the FAC is not sufficiently serious to violate either the NYCHRL or the NYSHRL. "Although the jurisdiction of the [NY]SDHR is broad, it is not limitless." *Stoudymire v. NYSDHR*, 36 Misc. 3d 919, 921 (Sup. Ct. Cayuga Cty. 2012). Similarly, despite the broad application of the NYCHRL, the law does not "operate as a general civility code." *Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 79 (1st Dep't 2009) *lv to appeal denied* 13 N.Y.3d 702 (2009) (internal quotes omitted). Once Plaintiff's generalized, conclusory allegations of gender-based discrimination are set aside, what's left in support of the Third Cause of Action is a recitation of events that fails to give rise to an inference of gender-based discrimination. Here, the alleged tortious conduct is that Bolonik "sought t[o] replace the Shumans as the object of [Plaintiff's] romantic affections" (FAC ¶ 96), introduced Plaintiff to two of her friends over dinner, disclosed that she was "exclusively lesbian" (*id.* ¶ 97), and regularly communicated with him by text and phone, in the course of which she shared details about her life (*id.* ¶ 98). Not only is Plaintiff flatly wrong about the nature of his relationship

4

with Bolonik, but this selective and distorted recitation of his interactions with her fails to nudge his claim of gender-based discrimination "across the line from conceivable to plausible," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), because the complained-of conduct "consist[ed] of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences." *Williams*, 61 A.D.3d at 80. *See*, *e.g.*, *McCormick v. Int'l Ctr. for the Disabled*, 2013 NY Slip Op 31063 (Sup. Ct. N.Y. Cty. 2013) (dismissing NYCHRL claim under more lenient notice-pleading standard where plaintiff only alleged general interpersonal discomfort); *Spellman v. Gucci Am., Inc.*, 2015 NY Slip Op 31728 (Sup. Ct. N.Y. Cty. 2015) (dismissing claim of gender-based hostile work environment because the allegations in the complaint "do not give rise to a cognizable theory under the NYCHRL"). In short, the NYSHRL and the NYCHRL are plainly inapplicable to Plaintiff.

For all these reasons, Plaintiff's claim for gender-based discrimination is patently frivolous and must be dismissed.

### *Defendants Will Seek Attorneys' Fees Under New York's Anti-SLAPP Law*

Please also be advised that should Plaintiff proceed with these claims, Defendants will seek fees pursuant to New York's anti-SLAPP law. The anti-SLAPP law, amended on November 10, 2020 and effective "immediately," applies to claims arising from "any communication in a place open to the public or a public forum in connection with an issue of public interest;" or from "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." N.Y. Civil Rights Law § 76-a. The law applies to such suits that are "commenced **or continued**." N.Y. Civil Rights Law § 70-a(1) (emphasis added).

As a result, in the likely event that the FAC is found to be "without a substantial basis in fact and law," Plaintiff will be liable for a mandatory award of costs and attorneys' fees under the anti-SLAPP statute. *See* N.Y. Civil Rights Law § 70-a(1)(a) ("[C]osts and attorney's fees **shall** be recovered upon a demonstration . . . that the action involving public petition and participation was commenced or continued without substantial basis in fact and law and could not be supported by substantial argument for the extension, modification or reversal of existing law." (emphasis added)). Defendants reserve the right to assert any and all rights under the anti-SLAPP law.

### *Conclusion*

The claims in the FAC are not merely weak; they are fundamentally defective, and at odds with both the law and the facts alleged in the FAC. As such, they are frivolous and must be withdrawn. Should you fail to do so, Defendants will move for costs.

Sincerely,

Davis Wright Tremaine LLP

*Katherine M. Bolger*

Katherine M. Bolger

Encls.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------------- x
BRUCE HAY,

                Plaintiff,

       - against -

NEW YORK MEDIA LLC, KERA BOLONIK,
and DAVID KORZENIK,

                Defendant.

---------------------------------------------------------------------- x

Case No. 1:20-cv-6135-JPO

*DRAFT*

NOTICE OF DEFENDANTS'
MOTION FOR SANCTIONS
AGAINST PLAINTIFF PURSUANT
TO FED R. CIV. P. 11(C)

Please take notice that the undersigned attorneys for defendants New York Media LLC ("New York Media"), Kera Bolonik ("Bolonik") and David Korzenik ("Korzenik") (collectively, "Defendants") will move before the Honorable J. Paul Oetken, United States District Judge for the Southern District of New York, at Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York for: (a) an Order granting Defendants' motion for sanctions against the plaintiff Bruce Hay ("Plaintiff") pursuant to Fed. R. Civ. P. 11(c); and (b) such other relief as this Court may deem just and proper.

This motion will be based upon the accompanying memorandum of law, all pleadings, and such additional oral or documentary evidence as may be received before or at a hearing on this motion.

This motion is based on the fact that, despite being put on notice of the defects in the pleading purporting to assert claims against Defendants, Plaintiff has refused to withdraw the First Amended Complaint or otherwise cure those defects. Specifically:

The First Amended Complaint purports to assert a breach of contract claim against Defendants New York Media and Bolonik, notwithstanding that the alleged contract violates the statute of frauds and contains fatally vague terms;

The First Amended Complaint purports to assert a defamation claim against Defendants New York Media and Bolonik, notwithstanding that Plaintiff consented to publication of the allegedly defamatory material;

The First Amended Complaint purports to assert a defamation claim against Defendants New York Media and Bolonik, notwithstanding that the allegedly defamatory statements either have been admitted to be true by Plaintiff, or are not "of and concerning" Plaintiff;

The First Amended Complaint purports to assert a slander claim against Defendant Korzenik, notwithstanding that Plaintiff has failed to plead special damages with respect to this claim;

The First Amended Complaint purports to assert a claim for gender-based discrimination under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") against Defendants New York Media and Bolonik, notwithstanding that Plaintiff does not belong to any of the categories of individuals protected by those statutes; and

The First Amended Complaint purports to assert a claim for gender-based discrimination under the NYSHRL and the NYCHRL against Defendants New York Media and Bolonik, notwithstanding that the behavior complained of does not constitute gender-based discrimination under either of those statutes.

Plaintiff, through his counsel, has a continuing obligation under Rule 11 to, *inter alia*, (i) correct or withdraw any documents he filed with the Court that are defective; and (ii) conduct a reasonable inquiry into the factual contentions set forth in court filings.  Because Plaintiff has failed to do so, Defendants hereby request entry of an order awarding to Defendants the costs

and attorneys' fees incurred as a consequence of Plaintiff's pursuit of claims which have no foundation in fact or law.

Dated: New York, New York
       **[date]**

                                                    Respectfully submitted,

                                                   By: _____
                                                         Katherine M. Bolger
                                                         Jeremy A. Chase
                                                 Davis Wright Tremaine LLP
                                                 1251 Avenue of the Americas, 21st Floor
                                                 New York, NY 10020-1104
                                                 Tel.: (212) 489-8230
                                                 Fax: (212) 489-8340
                                                 katebolger@dwt.com
                                                 jeremychase@dwt.com

                                                 *Attorneys for Defendants New York Media LLC,*
                                                 *Kera Bolonik and David Korzenik*