UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRUCE HAY,

                        Plaintiff,

          -v-

NEW YORK MEDIA LLC and KERA BOLONIK,

                        Defendants.

20-CV-6135 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Bruce Hay, a professor at Harvard Law School, brought this lawsuit against the author and the publisher of two articles that appeared in *New York* magazine and its online journal: "The Most Gullible Man in Cambridge" (published on July 22, 2019); and "The Harvard Professor Scam Gets Even Weirder" (published on August 8, 2019). Hay initially asserted claims for breach of contract, defamation, and gender-based discrimination, but he has agreed to dismissal of his defamation claim. Hay now moves for leave to file a Second Amended Complaint asserting claims for breach of contract and gender discrimination under New York City law. Because the proposed complaint fails to state a claim and amendment would be futile, the motion is denied.

**I.    Background**

    The following facts are taken from the first and second amended complaints and are assumed true for purposes of this motion.

    Hay, a Massachusetts citizen, is a Harvard Law School professor who has been on the faculty since 1992. (Dkt. No. 8 ("FAC") ¶ 17.) Hay contacted Defendant Kera Bolonik, a journalist employed at the time by New York Media LLC, in June 2018. (FAC ¶¶ 19, 70.) His purpose was to share a story regarding his tumultuous and complicated relationship with two

1

women, Maria-Pia and Mischa Schuman.  (FAC ¶ 69 (Hay "hope[d] . . . an investigative journalist would 'expose' the Schumans for the 'predators'" Hay believed they were at the time); *see also* FAC ¶¶ 41-68.)

Two articles were eventually published in July and August 2019.  (FAC ¶¶ 10, 12.)  The first told Hay's story, while the second focused on accounts of several men who contacted Bolonik about their own experiences with the Schumans after reading Hay's account.  (FAC ¶¶ 10–12, 120–21.)  Hay "worked closely with Bolonik and Defendant New York Media" on at least the first article, as a source, fact-checker, and legal consultant, and "did everything [] in his power to make [Defendants'] work easier."  (FAC ¶ 6, 82.)  After the first article was published, Hay "helped . . . promote the article and defend it from legal attacks," and assisted Bolonik with book, movie, and TV deals based on the article.  (FAC ¶ 82.)  Hay continued working with Bolonik after the second article was published.  (FAC ¶ 127.)  Indeed, in November 2019, after the Schumans had threatened Defendants with a defamation lawsuit, Hay helped Bolonik draft a letter negating any such claims.  (FAC ¶ 128.)

Then Hay had a change of heart about the Schumans.  In the early months of 2020, Hay alleges, he "began to realize" that "the Schumans were not the predators" that he had thought.  (FAC ¶ 133.)  In April 2020, Hay dropped his own lawsuit against the Schumans, which "rested on allegations he no longer believed to be true."  (FAC ¶ 135.)  Also in April 2020, Hay sent a letter to David Korzenik, New York Media's outside counsel "call[ing] . . . attention to the articles' inaccuracies and its reporter's misconduct."  (FAC ¶ 14.)  Since then, Hay "has been seeking to correct the record and limit the damage Defendants have caused," and has asked for the articles to be removed from circulation "because they fall vastly short of *New York*'s journalistic standards."  (*Id.*)

Hay filed a *pro se* suit on August 5, 2020.  (Dkt. No. 1.)  He procured counsel and filed the FAC on October 7, 2020, asserting claims for breach of contract, defamation, gender discrimination under the New York State and New York City Human Rights Laws ("NYSHRL" and "NYCHRL," respectively) against Bolonik and New York Media, and defamation against Korzenik.  (*See* FAC.)

On November 20, 2020, Defendants' counsel sent a letter to Hay's counsel outlining Defendants' intention to move for fees and costs under Rule 11 and New York's Anti-SLAPP law 11 if Hay did not withdraw the FAC.  (Dkt. No. 36-1.)  The parties then requested that the Court dismiss with prejudice Hay's defamation claims against all Defendants and terminate Korzenik as a Defendant.  (Dkt. No. 29.)  The Court granted this relief and permitted the parties to brief the present motion.  (Dkt. No. 34.)

Hay filed his motion for leave to file a second amended complaint (SAC) on January 8, 2021.  The proposed SAC drops the defamation claim and the NYSHRL claim, while maintaining his breach of contract and NYCHRL gender discrimination claims.  (Dkt. No. 32-1 ("SAC").)

**II.    Legal Standard**

Federal Rule of Civil Procedure 15 directs courts to "freely give leave" for a party to file an amended pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In ruling on a motion to amend, "the Court should consider whether the motion is being made after an inordinate delay without adequate explanation, whether prejudice to the [opposing party] would result, whether granting the motion would cause further delay, and whether the amendment would be futile."  *Vt. Country Foods, Inc. v. So-Pak-Co., Inc.*, 170 F. App'x 756, 759 (2d Cir.

2006) (summary order) (quoting *Mountain Cable Co. v. Pub. Serv. Bd.*, 242 F. Supp. 2d 400, 403 (D. Vt. 2003)).

Relevant here, "[a]n amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). To survive such a motion, a claim must be based on factual allegations that, if assumed to be true, are sufficient "to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), by "allow[ing] the court to draw the reasonable inference that the [accused party] is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

Hay argues that this Court should grant him leave to amend because there is no prejudice to Defendants or delay to the case at such an early stage in the litigation, and because such amendment would not be futile. Defendants oppose, arguing that the SAC fails to state either a breach of contract or NYCHRL claim, rendering the motion futile.

### A. Breach of Contract Claim

Hay alleges that Defendants violated an oral contract providing that in exchange for his work with them on the story, including not working with other media outlets, Defendants promised "that the investigation and the reporting of the story by her and the Magazine would be consistent with the professional journalistic standards, including ethical standards, customarily applied to investigative reporting." (SAC ¶ 183; *see also* SAC ¶ 75–76.) He alleges that Bolonik "fail[ed] to adhere to [] professional standards" of journalism because her reporting did not "reveal[] a number of facts to the reader." (SAC ¶¶ 84, 201.) Such facts include that the Schumans had not scammed Hay, as he had previously believed, that Hay was the victim of

4

*other* individuals who "contributed to the false portrayal of the Schumans as criminals," and that the "real story here was about the destructive effects of transphobia, misogyny, and bigotry toward unconventional families." (*See* SAC ¶¶ 85–90.) Hay alleges that Defendants "knowingly or recklessly disregarded" such facts as they did not coincide with the "tabloid-style, stereotype-filled thriller" they wanted to write. (SAC ¶ 91.)

But under New York law, for a contract to be enforced, "it must be sufficiently 'definite and explicit so [that the parties'] intention may be ascertained to a reasonable degree of certainty.'" *Best Brands Beverage, Inc. v. Falstaff Brewing Corp.*, 842 F.2d 578, 587 (2d Cir. 1987) (quoting *Candid Productions, Inc. v. International Skating Union,* 530 F. Supp. 1330, 1333 (S.D.N.Y.1982) (citations omitted)). "[I]f the terms of the agreement are so vague and indefinite that there is no basis or standard for deciding whether the agreement had been kept or broken, or to fashion a remedy, and no means by which such terms may be made certain, then there is no enforceable contract." *Best Brands Beverage, Inc.*, 842 F. 2d at 588 (quoting *Candid Productions,* 530 F. Supp. at 1333–34 (citations omitted)).

The "contract" alleged by Hay is plainly too vague to be enforceable under New York law. A promise that journalistic work will be "professional," "thorough," "sensitive to [] delicate gender issues," and that a source will be "treated with the utmost professionalism and respect" is not one with sufficiently certain and definite terms to give rise to a legally enforceable contract. (SAC ¶ 75.) Given the subjective nature of such determinations, such promises provide the Court "no basis or standard for deciding whether the agreement has been kept or broken." *Best Brands Beverage, Inc.*, 842 F. 2d 578. Moreover, asking this Court to weigh in on what are essentially subjective matters of journalistic discretion would raise serious First Amendment issues. Hay appears to take issue with the framing of the article, not with any breach of a

journalistic standard.  Hay's breach of contract claim would not survive a motion to dismiss and, thus, amendment of the complaint to assert this claim is futile.[1]

### B. NYCHRL Claim

Hay also alleges sexual harassment and gender-based discrimination in violation of the NYCHRL.  (*See* SAC ¶¶ 204–216.)  Defendants argue that Hay's NYCHRL claim fails because the statute applies only to conduct felt in New York City, and because its protections do not extend to Hay.  In *Hoffman v. Parade Publs.*, the New York Court of Appeals held that, when a nonresident plaintiff invokes the NYCHRL, such plaintiff "must demonstrate that the alleged discriminatory conduct had an 'impact' within the city."  15 N.Y.3d 285, 290 (2010) (citations omitted).  In that case, the plaintiff, a Georgia resident, had attempted to assert a NYCHRL claim, alleging that the phone call terminating him was made from New York City.  The Court of Appeals rejected the claim on the ground that the alleged discrimination had no impact within the City.  *Id*. at 288.  Hay argues that the conduct at issue here is distinguishable, because "the alleged sexual harassment was continuously emanating from New York over a long period of time."  (Dkt. No. 37 at 8.)  Because the sexual harassment was "planned, carried out and consummated in and from New York," Hay contends, the NYCHRL applies.  (*Id*.)

Hay's argument, though, runs directly into *Hoffman*'s warning against "expand[ing] NYCHRL protections to nonresidents who have, at most, tangential contacts with the city."  15 N.Y.3d at 291.  The "impact requirement," the Court of Appeals continued, "confines the protections of the NYCHRL to those who are meant to be protected—those who work in the

---

[1] Defendants also argue that Hay's contract claim in his SAC is a mere attempt to repackage his previously dismissed defamation claim and that the alleged contract is barred by the Statute of Frauds.  (*See* Dkt. No. 35 at 10–16.)  The Court need not and does not address either argument.

city." *Id*. (citation omitted).  Hay is a Massachusetts citizen living in Cambridge, and Bolonik traveled to Massachusetts to meet with him; there is no alleged impact in New York City.[2]

Thus, leave to amend the complaint to assert Hay's NYCHRL claim is denied as futile.

## IV.   Conclusion

For the foregoing reasons, Hay's motion for leave to amend is DENIED as futile.

With Hay having been denied leave to file the Second Amended Complaint, that leaves the question what, if anything, is left of his claims.  He has dismissed his defamation claim and abandoned any claim under the NYSHRL.  And the defects in Hay's contract claim and NYCHRL claim, discussed above, apply with equal force to the versions of those claims asserted in the First Amended Complaint.  Rather than make Defendants go through the formality of filing a renewed motion to dismiss, therefore, the Court dismisses the remaining claims for failure to state a claim.

The Clerk of Court is respectfully directed to close the motion at Docket Number 31 and to close this case.

SO ORDERED.

Dated: July 1, 2021
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[2] Defendants also argue that the NYCHRL's protections do not extend to the source of an article. Hay points out that the statute has been expanded to cover "interns, freelancers, and independent contractors." NYCHRL § 8-107(23).  While it seems a stretch to conclude that Hay has plausibly alleged that he comes within any of those categories — or that the NYCHRL was intended to cover the source of an article as a general matter — it is unnecessary to resolve this issue and the Court declines to reach it.